IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RYAN ALEXANDER MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-215 |
| | ) | |
| EVAN JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at Calhoun State Prison in Morgan, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, regarding events allegedly occurring at Richmond County Correctional Institute in Augusta, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.     **SCREENING OF THE AMENDED COMPLAINT**

A.     **BACKGROUND**

Plaintiff names Warden Evan Joseph as the only defendant.  (Doc. no. 15, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 19, 2019, Warden Joseph denied Plaintiff the ability to practice his Islamic faith by prohibiting Plaintiff from growing a goatee, a beard, or his hair to nine inches rather than

the three inches allowed by Georgia Department of Corrections policy.  (Id. at 5.)  On August 20,

2019, Warden Joseph denied Plaintiff medical attention for a "skin ailment of extreme ingrown

hairs" that has been documented in Plaintiff's medical file since 2009.  (Id.)  On September 6,

2019, Warden Joseph "failed to establish contact with" the Georgia Board of Pardons and Parole

concerning Plaintiff's alleged actual innocence, conspiracy, false imprisonment, and incomplete

investigation.  (Id.)  On September 19, 2019, Warden Joseph refused to act properly, which led

to deliberate indifference.  (Id.)  For relief, Plaintiff seeks $7,500,000 in compensatory and

punitive damages.  (Id. at 3.)

> ## B.  DISCUSSION

> ### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A

claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams,

490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by

the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass,

112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need

Plaintiff alleges Warden Joseph denied him medical attention even though Plaintiff has had a skin ailment, which results in ingrown hairs, on his medical file for nine years. (Doc. no. 15, p. 5.) To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3)

3

his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d

1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir.

2010).

To satisfy the objective component, a prisoner must allege that his medical need "has

been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at

1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)).

To satisfy the subjective component, Plaintiff must allege that a defendant (1) was

subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a

course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d

1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical

treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235,

1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care

provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v.

Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723,

726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute
> "an unnecessary and wanton infliction of pain" or to be "repugnant to the
> conscience of mankind." Thus, a complaint that a physician has been
> negligent in diagnosing or treating a medical condition does not state a valid
> claim of medical mistreatment under the Eighth Amendment. Medical
> malpractice does not become a constitutional violation merely because the
> victim is a prisoner. In order to state a cognizable claim, a prisoner must
> allege acts or omissions sufficiently harmful to evidence deliberate
> indifference to serious medical needs.

4

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.  Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).  Furthermore, the Court should not second-guess medical judgments.  Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff fails to state a claim for deliberate difference to a serious medical need. Plaintiff does not specify what information he conveyed to Warden Joseph concerning his skin condition, whether he sought treatment for this condition from medical personnel, and whether any treatment was provided.  Nor does the mere mention of a skin condition with ingrown hairs suggest a condition diagnosed by a physician as mandating treatment or a condition so obvious that even a lay person would easily recognize the necessity for a doctor's attention.   Therefore, Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

3.   **Plaintiff Fails to State a Claim Against Warden Joseph for Failing to Contact the Georgia Board of Pardons and Parole and for Refusing to Act Properly**

First, Plaintiff fails to state a claim based on Warden Joseph's failure to contact the Georgia Board of Pardons and Parole because of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Id. In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

Plaintiff challenges the validity of his incarceration by claiming he is actually innocent, a victim of a conspiracy and false imprisonment, and there was an incomplete investigation in his underlying criminal case. (Doc. no. 15, p. 5.) Were these claims resolved in Plaintiff's favor before this Court, the outcome would inevitably undermine Plaintiff's state conviction. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005). Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Further, to the extent Petitioner seeks to challenge his underlying state criminal conviction, a petition for habeas corpus relief naming his current custodian as the respondent would be the proper mechanism by which to do so, but the sole remedy is "the immediate or expedited release of

6

a prisoner unconstitutionally convicted or sentenced" and not money damages.  Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1347 (S.D. Fla. Feb. 23, 2011).  Thus, Plaintiff's claim is barred under Heck.

Additionally, Plaintiff alleges Warden Joseph refused to act properly, which led to deliberate indifference.  (Doc. no. 15, p. 5.)  Plaintiff provides no context or factual allegations to this claim.  The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff's allegation amounts to nothing more than a mere assertion Warden Joseph harmed him, which does not state a claim.  Iqbal, 556 U.S. at 678.  Therefore, Plaintiff fails to state a claim against Warden Joseph.

## II.      CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims for deliberate indifference to a serious medical need, failing to contact the Georgia Board of Pardons and Parole, and refusing to act properly be **DISMISSED** for failure to state a claim upon which relief may be granted.  In a companion Order, the Court has allowed Plaintiff's Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a),

and First Amendment Free Exercise claims against Warden Joseph.

SO REPORTED and RECOMMENDED this 3rd day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA