IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RYAN ALEXANDER MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-215 |
| | ) | |
| WARDEN EVAN JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Calhoun State Prison in Morgan, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, regarding events allegedly occurring at Richmond County Correctional Institute in Augusta, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant Warden Joseph's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**, (doc. no. 23).

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

On May 5, 2020, Plaintiff filed an amended complaint against Warden Evan Joseph, asserting claims for deliberate indifference to a serious medical need, failing to contact the Georgia Board of Pardon and Paroles, failing to act properly, and violating Plaintiff's religious rights.  (Doc. no. 15.)  On June 3, 2020, the Court screened Plaintiff's complaint and directed service of process on Warden Joseph, allowing claims based on the Frist Amendment and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). (Doc. no. 18.) On July 7, 2020, the Court dismissed all remaining claims. (Doc. no. 21.) On August 8, 2020, Warden Joseph filed a pre-answer motion to dismiss the RLUIPA and First Amendment claims.

The Complaint alleges that, on August 19, 2019, Warden Joseph denied Plaintiff, then incarcerated at Richmond County Correctional Institute, the ability to practice his Islamic faith by prohibiting Plaintiff from growing a goatee, a beard, or his hair to nine inches rather than the three inches allowed by Georgia Department of Corrections ("GDC") policy. (Doc. no. 15, p. 5.) Plaintiff filed a grievance, which was denied. (Id. at 7.) Plaintiff appealed the denial of his grievance. (Id.)

## II. DISCUSSION

Warden Joseph argues dismissal is proper because: (1) Plaintiff's official capacity claims are barred by the Eleventh Amendment and sovereign immunity; (2) Plaintiff failed to allege a First Amendment Free Exercise claim; (3) Plaintiff failed to allege a claim for deliberate indifference to his serious medical needs; (4) Plaintiff's claims for damages are barred under the Prison Ligation Reform Act 1997(e) ("PLRA"); and (5) Warden Joseph is entitled to qualified immunity. (Doc. no. 23-1.) As explained below, Warden Joseph's motion to dismiss should be granted in part and denied in part. Because the Court previously dismissed Plaintiff's claim for deliberate indifference to his serious medical needs, the Court need not address this aspect of the dismissal motion. (See doc. no. 21.)

### 1.     Legal Standard for Rule 12(b)(6) Motion

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The Court must also consider Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8. Id. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (citation omitted). In short, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94. However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Religious Rights Legal Lanscape

Traditionally, plaintiffs brought claims for violations of their religious rights under the Free Exercise clause of the First Amendment to the United States Constitution. However, Congress created an additional avenue for bringing religious rights claims in response to the Supreme Court's decision in Employment Division, Department of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990). Three years after Smith, Congress enacted the Religious Freedom Restoration Act Challenges ("RFRA"), 42 U.S.C. § 2000bb, "in order to provide very broad protection for religious liberty." Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 693 (2014). When Supreme Court found RFRA unconstitutional as applied to the States in City of Boerne v. Flores, 521 U.S. 507 (1997), Congress passed RLUIPA to provide for religious rights claims against the States under the same broadened RFRA protections, but limited in application to land-use regulations and institutions receiving federal funds. 42 U.S.C. § 2000cc–1(a).

#### i. Plaintiff's First Amendment Free Exercise Claim Should be Dismissed

The First Amendment to the United States Constitution provides that "Congress shall

make no law respecting an establishment of religion or prohibiting the free exercise thereof." U.S. Const. amend. I. The Free Exercise clause applies to the States via the Fourteenth Amendment. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 8 n.4 (2004), *abrogated on other grounds*, Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 (2014). "[A] complaint fails to state a Free Exercise claim if it does not allege that (1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular; and (2) the law at issue in some way impacts the plaintiff's ability to either hold that belief or act pursuant to that belief." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1256-57 (11th Cir. 2012). Further, the regulation causing the burden must not be reasonably related to legitimate penological interests, and Plaintiff must "overcome the presumption that the prison officials acted within their broad discretion" in enforcing the alleged regulation or policy. Shaw v. Murphy, 532 U.S. 223, 232 (2001); See also Martinelli v. Dugger, 817 F.2d 1499, 1503 (11th Cir. 1987).

While conceding Plaintiff's desire to grow a beard and his hair to nine-inches arises out of a sincere religious belief, Warden Joseph argues enforcement of the prison's restrictions on hair and beard length relates to a legitimate penological interest. (Id.) Plaintiff does not dispute the grooming policy relates to a legitimate penological interest. Eleventh Circuit precedent has consistently upheld grooming policies against First Amendment challenges as rationally related to legitimate penological interests of safety. See Harris v. Chapman, 97 F.3d 499, 503 (11th Cir. 1996) (upholding prison hair length regulation against First Amendment and RFRA while noting compelling interest in prison security); Solomon v. Zant, 888 F.2d 1579, 1582 (11th Cir. 1989) (upholding no beard policy

5


as justified by security interests); Martinelli, 817 F.2d at 1503 (same); Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir. 1986) (upholding no beard policy against religious challenges as related to legitimate interest in preventing escape). Therefore, Plaintiff fails to state a claim for a First Amendment Free Exercise violation.

### ii. Plaintiff States a Valid Claim Under RLUIPA

Congress enacted RLUIPA and RFRA to "provide greater protection for religious exercise than is available under the First Amendment." Holt v. Hobbs 574 U.S. 352, 356-57 (2015) (explaining RFRA is precursor to RLUIPA). RLUIPA states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). "To establish a prima facie case under RLUIPA, the plaintiff must demonstrate that his engagement in religious exercise was substantially burdened by the law, regulation, or practice he challenges." Smith v. Owens, 848 F.3d 975, 979 (11th Cir. 2017) (citing Knight v. Thompson, 797 F.3d 934, 943 (11th Cir. 2015) ("Knight II")).

A substantial burden is "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Smith v. Allen, 502 F.3d 1255, 1277 (11th Cir. 2007), *abrogated on other grounds*, Sossamon v. Texas, 563 U.S. 277 (2011). The Eleventh Circuit has explained that to constitute a substantial burden on religious practice, "the government's action must be 'more than . . . incidental' and 'must place more than an


inconvenience on religious exercise.' . . . That is, to constitute a substantial burden under RLUIPA, the governmental action must significantly hamper one's religious practice." Id.

Upon such prima facie showing, "the burden then shifts to the defendant to prove the challenged regulation is the least restrictive means of furthering a compelling governmental interest." Smith, 848 F.3d at 979. Further, RLUIPA contemplates a "more focused inquiry" and requires a particularized demonstration of the compelling interest test as applied through the challenged law to the claimant. See id., (Citing Holt, 574 U.S. at 363). The Supreme Court further clarified in the context of RLUIPA that courts should not provide "unquestioning deference" to the defendant by merely asking why it denied the prisoner's request for an exemption, but rather should require the defendant to "prove that denying the exemption is the least restrictive means of furthering a compelling governmental interest." Holt, 574 U.S. at 364.

Warden Joseph concedes Plaintiff's request to grow a beard and his hair to nine inches relates to a sincere religious belief. (Doc. no. 23-1, p. 3.) A regulation denying Plaintiff the ability to grow a beard or his hair beyond three inches places a substantial burden on his religious beliefs. "If petitioner contravenes that policy and grows his beard, he will face serious disciplinary action. Because the grooming policy puts petitioner to this choice, it substantially burdens his religious exercise." Smith, 848 F.3d at 979 (internal citation and quotation marks omitted). Accordingly, Plaintiff establishes a prima facie case under RLUIPA.

Warden Joseph's argument does not address Plaintiff's RLUIPA claim and instead relies on the assumption Plaintiff bears the burden of showing the GDC policy is not

rationally related to legitimate penological interests and Plaintiff must overcome a presumption in favor of the prison officials' broad discretion.  (Doc. no. 23-1, p. 2.)  The case law cited by Warden Joseph predates Supreme Court and Eleventh Circuit opinions which lay out the modern framework for analyzing a RLUIPA claim.  See Holt, 574 U.S. at 352; Smith, 848 F.3d at 975; Knight, 797 F.3d at 934.  Because Warden Joseph makes no showing the beard and hair length regulations as applied to Plaintiff consist of the least restrictive means of furthering a compelling governmental interest, and indeed cannot do so at this early pleading stage, Plaintiff's claim under RLUIPA should not be dismissed.

### 3. Qualified Immunity

The doctrine of qualified immunity protects government officials, acting pursuant to their discretionary authority, "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Townsend v. Jefferson County, 601 F.3d 1152, 1157 (11th Cir. 2010).  For an official's acts to be within his or her discretionary authority, they must be "(1) undertaken pursuant to the performance of [his or her] duties and (2) within the scope of [his or her] authority."  Jones v. City of Atlanta, 192 F. App'x 894, 897 (11th Cir. 2006) (punctuation omitted) (quoting Lenz v. Winburn, 51 F.3d 1540, 1545 (11th Cir. 1995)).  If the defendant was acting within his or her discretionary authority, "the plaintiff must show that:  (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation."  Townsend, 601 F.3d at 1158

(punctuation omitted) (quoting Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004)).

"A right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional rule applies with obvious clarity to give an official fair warning that violating that right is actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations omitted). "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). Also, the Eleventh Circuit has held: "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Assuming without deciding that Warden Joseph acted within his discretionary authority by enforcing the grooming policy, preexisting precedent holds that enforcement of a grooming policy violates RLUIPA when denial of an exemption to the policy for a particular inmate is not the least restrictive means and does not further a compelling interest. See Holt, 574 U.S. at 352 (holding prison policy preventing growing half-inch beard violated RLUIPA by not showing least restrictive means); Smith, 848 F.3d at 981 (holding RLUIPA requires government prove grooming policy is least restrictive means and furthers compelling governmental interest as applied to individual). Because this determination cannot be made at the pleading stage, the qualified immunity argument is premature.

### 4. Plaintiff's Official Capacity Claims Against Warden Joseph Should Be Dismissed

To the extent Plaintiff is suing Warden Joseph in his official capacity for monetary damages, these claims are barred by the Eleventh Amendment. The Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Sossamon, 563 U.S. at 293 (holding RLUIPA does not waive State sovereign immunity). Therefore, Plaintiff's official capacity claims against Warden Joseph for monetary relief fails as a matter of law and should be dismissed.

### 5. Plaintiff Cannot Recover Compensatory or Punitive Damages Against Warden Joseph in his Individual Capacity

Warden Joseph argues Plaintiff's claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e), which provides as follows:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

Further, "[T]he PLRA requires a prisoner plaintiff to allege he suffered more than de minimis physical injury to recover compensatory or punitive damages." Stallworth v. Wilkins, 802 F. App'x. 435, 441 (11th Cir. 2020). Plaintiff alleged emotional distress and no physical injury. Further, it is well-established RLUIPA does not create a private action for money damages against officials sued in their individual capacities. See 42 U.S.C. § 2000cc-2(a); see also Smith, 502 F.3d at 1275. Therefore, Plaintiff can only seek nominal damages for his claims. See Smith, 502 F.3d at 1271 (finding plaintiff could still seek nominal damages for constitutional claims).

10

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Warden Joseph's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**, (doc. no. 23), Plaintiff's monetary claims for compensatory and punitive damages against Warden Joseph be **DISMISSED**, and Plaintiff's claim for First Amendment Free Exercise violations be **DISMISSED**.  The case should proceed as to Plaintiff's RLUIPA claim against Warden Joseph regarding denial of Plaintiff's request to grow a beard or his hair in excess of the GDC policy limits.

SO REPORTED and RECOMMENDED this 13th day of January, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA